842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gilbert VENEY, Plaintiff-Appellee,
v.
STANDARD PRODUCTS COMPANY, INC., Defendant-Appellant.
 87-2570.
 United States Court of Appeals, Fourth Circuit.
 March 16, 1988.
 
 R. John Barrett (Walter B. Martin, Jr., Vandeventer, Black, Meredith & Martin on brief) for appellant,
 Carroll Arthur Rutter, Jr. (Jeffrey A. Breit, John H. Klein, Breit, Rutter & Montagna on brief) for appellee.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The plaintiff, Gilbert Veney (Veney), worked as a "ring setter" on a fishing vessel owned by the defendant, Standard Products Company, Inc. (Standard). A ring setter is responsible for storing the rings which are around the top of a fishing net when the net is coming in and making sure the rings are not tangled when the net is going out. On June 21, 1985, Veney's left leg and ankle were injured while he was performing his job.
 
 
 2
 Jurisdiction in this case is grounded upon 46 U.S.C. Sec. 688 (1982). The jury in the trial below awarded Mr. Veney $400,000.00. Standard's motions for JNOV and a new trial were denied, and judgment was entered in accordance with the jury verdict. Standard has appealed. We affirm.
 
 
 3
 Standard's chief contention is that the trial court abused its discretion in refusing to allow its expert physician to give an opinion on the fitness of Veney to return to work as a fisherman. Standard's expert, Dr. Colin Hamilton, is an orthopedic surgeon whom it called to testify on the nature and extent of the injuries to Mr. Veney's leg and ankle. Dr. Hamilton has, according to Standard, treated many fishermen. In addition, Standard contends, Dr. Hamilton was the Chief of Orthopedics at a Public Health Service hospital, and there Dr. Hamilton was the individual chiefly responsible for issuing duty slips and deciding whether or not patients could return to work.
 
 
 4
 Although at trial Dr. Hamilton was prevented from giving a direct opinion on Mr. Veney's ability to return to fishing work, he was allowed to testify to practically this same point. The trial court permitted Standard to ask Dr. Hamilton whether there was anything in his examination of Veney which would keep Veney from doing the type of motion required in an environment where there is rolling and pitching and climbing. Dr. Hamilton answered:
 
 
 5
 No sir. I believe that he has enough motion to be able to accomplish that. I've certainly seen patients with less motion, and even with worse ankles than his, capable of going back to work.... Based on what I have seen of Mr. Veney at this point, I would release him back to work and see how he does.
 
 
 6
 It is difficult to see what else Dr. Hamilton could have said in support of Standard's position. Without discussing whether the trial court erred in refusing to allow Dr. Hamilton to give a direct opinion on Veney's ability to return to work, it appears that any possible error could not have an effect on the outcome of the trial and was therefore harmless. Standard's other objections are without merit.
 
 The judgment of the district court is
 
 7
 AFFIRMED.